CÁNDIDO NORIEGA GONZÁLEZ, Appellant, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 874. Submitted November 7, 1932.—Decided December 23, 1932.

312

*R. Atiles Moreu* for appellant. The registrar appeared by brief.

M<small>R</small>. J<small>USTICE</small> W<small>OLF</small> delivered the opinion of the Court.

Cándido Noriega González was the owner by cession of a mortgage credit in the sum of $1,500 or more. In the District Court of Ponce he began an action of debt and attached the mortgaged property. Subsequently the property was sold in execution by the marshal of the District Court of Guayama as authorized by the District Court of Ponce, and the purchaser was the said Cándido Noriega González. When this deed, executed by the marshal of the District Court of Guayama, was presented to the Registrar of that district he refused to record it in a note the substance of which is as follows:

"Record denied because it appears according to the fourth record of this property that the owners of the same, Georgino Gutiérrez Santiago and his wife Epifania Rodríguez, declared it as their homestead for themselves and their family . . . . and while it is true that the attachment to secure the effectiveness of the judgment

executed in this case was entered previously to the claim of homestead, the registrar lacks authority to decide the apparent conflict of rights existing between the defendant and the purchaser, etc.''

On appeal two questions are raised. One is that the registrar is bound to record the sale in any event and the other is in effect that the homestead entry was null and void.

The registrar maintains that the title of homestead and the title claimed by the appellant in this case, Cándido Noriega González, are irreconciliable and can not subsist together; that the title of homestead and a claim of absolute dominion in another person can not co-exist.

The registrar quotes from the Homestead Law as follows:

"That no sale shall be made, under a judgment or execution of any such farm, plantation or lot of land and dwellings thereon, when the same is claimed or occupied as a homestead, unless a greater sum than five hundred dollars is obtained therefor . . . . '' (Compilation of 1911, section 1003.)

Under this section, it is evident that no creditor can acquire a property right in a piece of land to the exclusion of the right of homestead, but only in excess of $500. If the property turns out to be worth more than $500, naturally a creditor could get a benefit of the excess and obtain in execution sale whatever remainder there was. We agree with the registrar in so far as he would maintain that in an ordinary case the purchaser in execution sale could acquire no rights that would destroy the homestead. Here it may be said that what the purchaser is trying to record is whatever rights he may have in the property by reason of the execution sale. The Mortgage Law provides in section 2 that any interest in real estate may be recorded. The registrar would have to make some appropriate record in this case, drawing attention to the previous record on the homestead right; but as we have pointed out in another case the proper record may be made by the registrar. Even if the property were not worth $500 and the purchaser thought it was, he would still

have some rights of record even though they might result illusory. See *Bianchi* v. *Pierazzi*, 25 P.R.R. 587. If the former owners have the homestead right, the purchaser to obtain a perfect title must settle the claim. What they have is a lien on the property in any case.

The registrar cites the case of *González Clemente & Co.* v. *Registrar*, 42 P.R.R. 692. That case merely decided that when a property is recorded in favor of a person, no other person claiming the nullity of the record so made can obtain a record.

The registrar is altogether right when he says that the question of validity of the homestead can not be decided in this appeal. Correctly or incorrectly the registrar recorded by a notarial deed the homestead of the former owner. The registrar is not bound to cancel or obliterate this record without the proper order of the District Court, in a suit begun for that purpose, and neither by an administrative appeal has this Court that power. There is no such thing as a totally void record in the registry of property. It stands until duly annulled or canceled, even though legally a person claiming the benefit of the record has no rights at all.

The note of the registrar will be reversed and the record made in accordance with the considerations of this opinion.